**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe BP, | No. CV-21-00184-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Before the Court is Plaintiff Jane Doe BP's Motion to Remand (the "Motion") (Doc. 15). Defendant County of Mohave filed a response.[1] (Doc. 26.) Plaintiff did not file a reply and the deadline to do so has expired. For the reasons stated below, the Court grants the Motion.[2]

**I.    BACKGROUND**

The following factual summary derives from the Complaint. (Doc. 1-3.) Plaintiff alleges that around thirty years ago, when she was a minor, Defendant Kraig Clark sexually assaulted her on multiple occasions while he was a deputy sheriff. (*Id.* at 5–7.) Plaintiff also alleges that Defendants City of Tempe, County of Mohave, State of Arizona, and Kelly Michelson (collectively, "Defendants") knew or should have know of Clark's "dangerous propensities, including the propensity to commit sexual assaults upon

---

[1] Defendants City of Tempe, State of Arizona, and Kelly Michelson joined this response. (Docs. 29, 31.)
[2] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

minors and/or of prior sexual abuse and misconduct." (*Id.* at 8.)

After filing this lawsuit in Arizona Superior Court, the City of Tempe removed the action to this Court, asserting that there is original jurisdiction "pursuant to 28 U.S.C. § 1331."[3] (Doc. 1.) Plaintiff's Complaint asserts nine causes of actions: (1) assault and battery against Clark, (2) negligent infliction of emotional distress against Clark, (3) vicarious liability against the County of Mohave, (4) negligence against the County of Mohave, (5) negligence against the City of Tempe, (6) negligence against the State of Arizona and Michelson, (7) a 42 U.S.C. § 1983 claim against Clark for violation of the Fourteenth Amendment's Due Process Clause, (8) a 42 U.S.C. § 1983 claim against Clark for excessive force, and (9) a "*Monell* Federal Civil Rights Claims Under 42 U.S.C. § 1983" against all Defendants except Clark. (Doc. 1-3.) The removal included the state-law claims set forth in the Complaint based on supplemental jurisdiction, 28 U.S.C. § 1367(a). (Doc. 1.)

Plaintiff then filed a Notice of Partial Dismissal of Counts Seven, Eight, and Nine.[4] (Doc. 18.) She also filed the instant Motion at the same time. (Doc. 15.) Plaintiff contends that, because she filed a notice dismissing all federal claims, the Court lacks subject-matter jurisdiction and the case should be remanded. (*Id.*) County of Mohave filed a Motion to Strike Plaintiff's notice, contending that dismissing those claims was procedurally improper. (Doc. 19.) Defendants soon thereafter filed their own respective motion to dismiss or motion for judgment on the pleadings. (Docs. 23, 27, 30, 35.)

## II.     LEGAL STANDARD

District courts have subject matter jurisdiction over claims that "arise under the Constitution, laws, or treaties of the United States" or over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. Where a court has original jurisdiction over at least one claim, the court also has "supplemental jurisdiction over all

---

[3] The other Defendants consented to the removal. (Doc. 1 ¶ 4.)
[4] Plaintiff notes that she "erroneously" filed this notice as a motion, and subsequently re-filed the notice "under the appropriate event." (Docs. 14, 17.)

other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* § 1367(a). Litigation initiated in a state court that includes a cause of action arising under federal law is subject to removal to federal court. *Id.* § 1441(c)(1)(A).

Our judicial system recognizes, however, that "[s]tate courts enjoy a 'deeply rooted presumption' that they have jurisdiction to adjudicate all claims arising under state or federal law." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). On a motion for remand, therefore, this Court is to presume that federal jurisdiction does not exist. *Id.* The burden is on the removing party to rebut this presumption and prove the existence of subject-matter jurisdiction. *Id.* at 1057. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Voluntary Dismissal

Plaintiff filed her Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. 18.) This notice purported to dismiss the three federal claims. (*Id.*) The six state-law claims remain. (*Id.*) Defendants contend that Plaintiff cannot, and did not successfully, dismiss her three federal claims through Rule 41(a)(1). (*See* Doc. 26 at 34; Doc. 19.) The Court partially agrees with Defendants.

Generally, "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). As Plaintiff overlooks, this rule allows dismissal of entire "actions," not individual claims. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("[A] plaintiff may not use [Rule 41(a)(1)] to dismiss, unilaterally, a single claim from a multi-claim complaint"). Indeed, the Ninth Circuit has clarified that Rule 41(a)(1) "does not allow for piecemeal dismissals." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). "Instead, withdrawals of individual claims against a given defendant are governed by [Rule] 15,

which addresses amendments to pleadings." *Id.* Plaintiff's Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i) therefore was not the proper way to dismiss the three federal claims.

Rather, as mentioned above, Rule 15(a) of the Federal Rules of Civil Procedure "is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Ethridge*, 861 F.2d at 1392. Although Plaintiff did not formally seek leave to amend, courts construe ineffective notice of dismissals under Rule 41(a)(1) as a motion for leave to amend. *See, e.g.*, *Nickerson v. Wells Fargo Bank*, No. C-10-01889 EDL, 2010 WL 3990743, at *1–2 (N.D. Cal. Oct. 12, 2010) ("[T]he Court construes Plaintiff's voluntary dismissal of his federal claims as an amendment to his complaint."); *see also Brooks v. Ryan*, No. CV-19-0963-PHX-SPL-JFM, 2020 WL 6411950, at *4 (D. Ariz. Oct. 9, 2020), report and recommendation adopted sub nom. *Brooks v. Shinn*, No. CV-19-00963-PHX-SPL, 2020 WL 6394182 (D. Ariz. Nov. 2, 2020) (construing ineffective notice of dismissal under Rule 41(a)(1) as a motion to amend). The Court therefore construes Plaintiff's voluntary dismissal as seeking leave to amend.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments pursuant to [Rule 15(a)] are liberally granted." *Nickerson*, 2010 WL 3990743, at *2 (citing *Eldridge*, 832 F.2d at 1135). This Court will grant leave to amend and treat her ineffective dismissal as an amendment of the complaint to pursue only her six state-law causes of actions. *See Metcalf v. Countrywide Fin. Corp.*, No. C-09-2707 EDL, 2009 WL 2485750, at *2 (N.D. Cal. Aug. 11, 2009). Thus, the complaint, as amended, contains no federal claims.

### B. Motion to Remand

A federal court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28

U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state-law claim, even where removal was proper, "if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the [original jurisdiction claim], (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances." *Id.* § 1367(c). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). When exercising its discretion, the court considers the interest in "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Where there is not a strong showing of judicial economy, convenience, and fairness being served by retaining the state-law claims, considerations of comity and federalism favor remanding the claims to state court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The threshold requirement for supplemental jurisdiction under 28 U.S.C. § 1367(a) is not satisfied because there is no longer a federal question and there is no diversity jurisdiction. The parties agree that the instant case was removed properly for all nine causes of actions based on federal question and supplemental jurisdiction. The parties now, however, disagree on whether the Court should exercise its discretion to keep the remaining state-law claims. (Doc. 26 at 4–5; Doc. 37 at 5–6.) Plaintiff contends that the Court "should exercise its discretion to decline supplemental jurisdiction over the present matter and remand it to state court, as [the state-law] issues predominate." (Doc. 37 at 6.) Plaintiff also argues that the factors of "economy, convenience, fairness, and comity" all point toward declining supplemental jurisdiction. (*Id.*) Defendants argue that the factors weigh in their favor, as this matter is "already pending at this Court" and the parties have filed certain motions and responsive pleadings. (Doc. 26 at 4–5.) They also

1 | contend that there "are no complex novel issues of law." (*Id.*)

The Court disagrees with Defendants' contention that the values of economy, convenience, fairness, and comity favor retention of this matter. These factors may weigh toward exercising supplemental jurisdiction if there is considerable procedural advancement, such that it would be a waste of judicial resources or unfair to the parties to remand the matter. *See, e.g.*, *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1491 (9th Cir. 1985) (finding that the district court "was right in not imposing unnecessarily on a state court . . . repetition of pleadings, motions, discovery and other pre-trial proceedings"); *Acosta v. Cal. Highway Patrol*, No. 18-cv-00958-BLF, 2019 WL 4596726, at *3 (N.D. Cal. Sept. 23, 2019) (noting that if trial was still set to begin in two weeks the factors would "weigh[] heavily against remand" because it could cause delay of up to two years). There has not been considerable procedural advancement here. This case was removed a few months ago in February and discovery has not yet commenced. There have also been no depositions taken, no experts have been disclosed, and a trial date has not been set. This case has not advanced so far procedurally that it would be a waste of judicial resources or unfair to the parties to remand it to state court.

It is also true that the balance of factors may weigh in favor of exercising discretion to retain the claims when considerable time was expended on the state-law claims before dismissing the federal law claims. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (holding that it was not an abuse of discretion to retain pendent claims after about thirty-two months). Although the Court has limited familiarity with the facts and issues presented in this case, those considerations align more with the "usual case in which all federal-law claims are eliminated before trial" than the exceptional circumstance that would override considerations of federalism and comity. *Cohill*, 484 U.S. at 350 n.7. There has been almost no time expended over the state-law claims here to warrant exercising the Court's discretion. Even if the judicial economy and convenience factors favor Defendants, their arguments are still unpersuasive because those factors are outweighed by the principles of comity and federalism. *See Roundtree v.*

*Atl. Dev. & Inv.*, No. CV-09-269-PHX-DGC, 2009 WL 2132697, at *3 (D. Ariz. July 16, 2009) (finding that remand was appropriate because "the interests of comity and federalism" outweighed judicial economy and convenience); *see also Daghlawi v. Juilin Hung*, No. CV-19-05824-PHX-DWL, 2020 WL 224362, at *1 (D. Ariz. Jan. 15, 2020) ("[C]onsiderations of federalism and comity are best served by allowing Arizona state courts to address state-law claims.").

While Defendants maintain that the Court should not remand this action because the state-law claims require straightforward application of Arizona law, this Court believes that the state court is better equipped to handle such claims that now substantially predominate the amended complaint. *Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Just because a district court *can* exercise supplemental jurisdiction over certain state matters does not mean that it *should*. There is nothing unusual about this case that would tilt the balance of factors toward retaining jurisdiction. *Cohill*, 484 U.S. at 350 n.7; *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (finding no abuse of discretion when declining to exercise supplemental jurisdiction for a case that was not "in any way unusual"). The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Remand (Doc. 15).

**IT IS FURTHER ORDERED denying as moot** the County of Mohave's Motion to Strike (Doc. 19).

**IT IS FURTHER ORDERED** that the motions (Docs. 23, 27, 30, 35) remain pending with the Superior Court.

**IT IS FINALLY ORDERED** directing the Clerk to remand this action to the Maricopa County Superior Court and close this case.

Dated this 24th day of June, 2021.

Michael T. Liburdi
United States District Judge